J. S. GALBAUGH *v.* THOS. WOODS AND CITY OF COVINGTON.

**Municipal Corporation—Street Improvement—Petition to City Council—Estoppel.**

A petition signed by a majority of the owners of the front feet requested the city to improve a street. The appellant who was one of the signers of the petition stood by and saw others expend their money on the improvement and made no objection thereto until he was called upon to pay his proportional part for the work.

**Held,** that by his acquiesence in the improvement he is estopped to deny his liability.

APPEAL FROM KENTON CIRCUIT COURT.

January 26, 1872.

It is alleged in the petition that at a meeting of the council of the city of Covington on the 6th of March, 1868, a petition of the property owners for the improvement of Fifteenth street between Scott and Madison streets was presented to the council, a copy of which is made part of the petition in which the petitioners state that they are the owners of lots and parts of lots fronting and abutting on Fifteenth street between Scott and Madison, to order said street between Scott and Madison to be graded, paved, curbed and macadamized at the expense of the owners of lots fronting on said improvement. This petition is

signed, with others, by J. S. Galbaugh, professing to own 90 feet front to be improved. On the 2d of April, 1868, an ordinance was passed by the city council for the improvement as prayed for. The work was let to appellee, the lowest bidder, completed according to the ordinance and contract and an estimate was made by the city engineer of the amount due from each owner of lots for the improvement fronting their lots and an order to pay for the same, all of which facts are alleged and the work received, and appellant, failing to pay the amount assessed against him, this suit was brought to enforce payment.

In his answer appellant denies that the owners of a majority of front feet on both sides of Fifteenth street between Madison and Scott streets, ever, at any time, petitioned the city council to grade, pave, curb and macadamize said street—and then adds that the name of Mrs. Delaney is attached to the petition which was presented to the council as the owner of 45 feet front on said Fifteenth street; that Mrs. Delaney was not and is not the owner of any real estate whatever on said street, and without estimating the 45 feet represented by her, the owners of 350 feet front only were represented. To this answer a demurrer seems to have been sustained, but we deemed it unimportant whether the answer is in or out of the case. The strong presumption is from the identity of the name of appellant and that of J. S. Galbaugh signed to said petition to the city council and the corresponding number of front feet represented in the petition and those fronting the improvement that he did himself sign said petition and would, in that event, be estopped to deny any fact therin stated. It is true that the fact is not directly alleged, but the petition is exhibited and appellant must have seen it, and it is not probable that he would have failed to have negatived the presumption arising from the facts thus shown, if he could have truthfully done so. Besides, the parties who signed the petition appear to have been in possession; that fact is admitted, that they are the owners of a majority of feet fronting the improvement and is not controverted by any of the parties until after the work is done, of which they must have had notice; and having stood by and seen others expend money and labor to improve their property without objection or notification that they were unwilling to pay for it, or that less than a majority of the owners of front

feet had petitioned, it is too late after the work is done to make such objection, or at least it cannot avail.

Wherefore the judgment is affirmed.

*Carlisle, for appellant.*

*Fisks, for appellees.*